# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PENOVIA, LLC | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:13-cv-781-JRG |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| ZYXEL COMMUNICATIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## ZYXEL COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVES DEFENSES

Defendant ZyXEL Communications, Inc. ("ZyXEL") answers Plaintiff Penovia, LLC's ("Penovia") Complaint and provides additional defenses as follows:

## PARTIES AND JURISDICTION

1. ZyXEL admits that this Complaint purports to be an action arising under Title 35 of the patent laws of the United States and that Penovia is seeking recovery of damages.

2. ZyXEL admits that this is a civil action for patent infringement arising under 28 U.S.C. §§ 1331 and 1338(a), and that those statutes confer subject matter jurisdiction over this case on this Court. To the extent paragraph 2 contains additional allegations, ZyXEL denies them.

3. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. ZyXEL admits that it is a business organized and existing under the laws of California with its principal office located at 1130 North Miller Street, Anaheim, CA 92806-2001. ZyXEL denies the remaining allegations of paragraph 4.

5. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

## VENUE

6. ZyXEL denies that venue is proper under 28 U.S.C. §§ 1391 and/or 1400(b), and further denies that this is the most convenient venue and reserves all rights to seek to transfer. ZyXEL denies the remaining allegations in paragraph 6.

## COUNT 1
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7. ZyXEL repeats and realleges the responses contained in paragraphs 1-6 as if fully set forth herein.

8. Admitted.

9. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. ZyXEL admits that U.S. Patent No 5,822,221 (the "'221 patent") bears a title of "Office Machine Monitoring Device." ZyXEL further admits that Exhibit A appears to be a true and correct copy of the '221 patent.

11. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. ZyXEL admits that the '221 patent expired on or about October 13, 2010. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore denies them.

13. ZyXEL admits that the Complaint identifies ZyXEL's NBG420N Wireless N Router as an Accused Product, although ZyXEL denies that any of its products infringe the '221 patent. ZyXEL denies the remaining allegations of paragraph 13.

14. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. ZyXEL admits that Penovia purports to seek recovery of damages from ZyXEL for the period beginning 6 years before the filing date of the Complaint through the date that the '221 patent expired, October 13, 2010. ZyXEL denies that Penovia is entitled to any recovery of damages.

## DEMAND FOR JURY TRIAL

ZyXEL joins in Penovia's request for a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

ZyXEL asserts that Penovia is not entitled to the relief requested in sub-sections (a)-(d) of the Prayer for Relief section of the Complaint. Further, to the extent the Prayer for Relief section of the Complaint includes allegations requiring a response, ZyXEL denies such allegations.

## GENERAL DENIAL

Except as expressly admitted herein, ZyXEL denies each and every allegation contained in Penovia's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that they would not otherwise bear, and reserving the right to assert other defenses, ZyXEL asserts the following defenses:

### First Defense

1. ZyXEL does not and has not infringed any valid and enforceable claim of the claims of the '221 patent directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**Second Defense**

2. The claims of the '221 patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. and 37 C.F.R., including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

**Third Defense**

3. Penovia's claims of infringement of the '221 patent are barred, in whole or in part, under principles of equity, including laches, waiver, and/or estoppel.

**Fourth Defense**

4. Penovia is estopped from asserting that ZyXEL infringes at least some of the claims of the '221 patent, including without limitation, under the doctrine of prosecution history estoppel.

**Fifth Defense**

5. Penovia's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286, and/or 35 U.S.C. § 287.

**Sixth Defense**

6. Penovia is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**Seventh Defense**

7. The Complaint, and/or certain portions of the Complaint, fails to state a claim upon which relief can be granted.

**RESERVATION OF RIGHTS**

ZyXEL reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity,

which may now exist or in the future be available based on discovery and further investigation in this case.

## PRAYER FOR RELIEF

ZyXEL respectfully requests that:

a. Penovia's Complaint be dismissed with prejudice;

b. The Court enter judgment in favor of ZyXEL in this action, and deny Penovia all requested relief;

c. The Court find that the '221 patent is not infringed by ZyXEL;

d. The Court find that the '221 patent is invalid;

e. The Court find that Penovia cannot recover any damages from ZyXEL;

f. The Court find that Penovia is not entitled to any other relief at law or equity;

g. The Court declare that this is an exceptional under 35 U.S.C. § 285 entitling ZyXEL to its reasonable attorneys' fees; and

h. That the Court award ZyXEL its reasonable attorneys' fees, costs, and such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, ZyXEL respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: December 13, 2013

Respectfully submitted,

*/s/ Michael J. Newton*
Michael J. Newton (Texas Bar No. 24003844)
Shaun W. Hassett (Texas Bar No. 24074372)
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899

Email: mike.newton@alston.com
Email: shaun.hassett@alston.com

*Attorneys for Defendant ZyXEL Communications, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF, which will serve a copy on all counsel who have consented to electronic service.

*/s/ Michael J. Newton*
Michael J. Newton